UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NURSERY DECALS AND MORE, INC. | § § § | |
| v. | § § | CIVIL NO. 4:25-CV-1219-SDJ |
| TEGRITY CONTRACTORS, INC., ET AL. | § § § | |

## MEMORANDUM OPINION AND ORDER

Appellant Nursery Decals and More, Inc. ("NDAM") filed its Notice of Appeal and Statement of Election, seeking to appeal the Bankruptcy Court's Order Granting Tegrity's Motion for Further Orders, entered on October 31, 2025, (Dkt. #1) (hereafter, the "interlocutory order"). Thereafter, the Court warned NDAM that, as it stood, the Court lacked jurisdiction to hear the appeal of an interlocutory order issued by the Bankruptcy Court. (Dkt. #17). NDAM was directed to file a motion for leave to appeal in accordance with 28 U.S.C. § 158. (Dkt. #17).

The Court outlined the relevant legal standard for interlocutory bankruptcy appeals under 28 U.S.C. § 158(a)—emphasizing that such appeals are "exceptional" and "disfavored"—and instructed NDAM on what to include in its motion for leave to appeal. (Dkt. #17). NDAM then submitted its Motion for Leave to Appeal. (Dkt. #26). Because NDAM has failed to demonstrate that this Court has jurisdiction to consider the interlocutory order, its motion for leave must be denied and its appeal dismissed.

## I. BACKGROUND

On July 12, 2024, Debtor Cherie Faye Alexander filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for

the Eastern District of Texas. *See* Bankruptcy Cause Number 24-41614. The principal asset of the bankruptcy estate is the Debtor's 96% ownership interest in NDAM. NDAM and the Debtor have ownership interests in two unencumbered pieces of real property: an office building located at 1005 S. McDonald Street, McKinney, Texas, and a lot located at 480 McKinney Parkway, McKinney, Texas. At the time of the bankruptcy filing, the lot was under contract to be sold to Tegrity Contractors, Inc. ("Tegrity") for $700,000, and Tegrity had sued in state court for specific performance of the contract.

The largest creditor of the bankruptcy estate is Brian Woodward, the Debtor's ex-husband, who filed a secured claim in the amount of $384,730.62. Woodward has indicated he will seek to add approximately $227,000 in interest and reasonable attorney's fees under 11 U.S.C. §506(b) to his claim. Both the Debtor and NDAM pursued objections to Woodward's proof of claim.

While the objections to the Woodward claim were pending, the parties negotiated a settlement agreement to resolve disputes regarding control of NDAM and the sale of the lot to Tegrity. On May 16, 2025, the Bankruptcy Court entered its Order Approving Settlement Agreement, which approved an agreement among the Trustee, NDAM, and the Debtor. Under this agreement, NDAM and the Debtor expressly agreed that if NDAM's objection to the Woodward claim was unsuccessful, the Trustee would assume control of NDAM and complete the sale of the lot to Tegrity. The settlement agreement clearly provided that the Bankruptcy Court's entry of an order on the Woodward claim objection would trigger the obligation of

both the Debtor and NDAM to assist the Trustee in completing the sale of the lot and liquidating NDAM's assets.

On October 9, 2025, Tegrity filed a Motion for Further Orders, Enforcement of Settlement Agreement, Seeking Trustee's Limited Control of NDAM for the Purposes of Closing Real Estate Sale. Tegrity alleged that NDAM and the Debtor were obstructing performance of the settlement agreement and sought to compel NDAM to fulfill its obligations under the agreement. Following a contested hearing on October 21, 2025, the Bankruptcy Court orally directed the Trustee to take complete control of NDAM, close the sale of the lot to Tegrity as contemplated in the settlement agreement, liquidate NDAM's assets to the extent the Trustee believes appropriate to pay claims against the estate, and retain all proceeds from the liquidation in the Debtor's bankruptcy estate pending further order of the Bankruptcy Court.

Thereafter, on October 31, 2025, the Bankruptcy Court entered its formal Order Granting Tegrity's Motion for Further Orders (referenced herein as the "interlocutory order"), confirming the Trustee's full control of NDAM and directing the liquidation of its assets to pay creditors of the Debtor's bankruptcy estate. The interlocutory order also included multiple findings regarding the Debtor's bad faith in adhering to the previously approved settlement agreement. On the same date, the Bankruptcy Court dismissed the objections of both the Debtor and NDAM to Woodward's claim. This dismissal conclusively resolved the validity of the Woodward claim and triggered the Trustee's obligation under the settlement agreement to take

control of NDAM and liquidate its assets with the assistance of the Debtor and NDAM.

Rather than comply with the settlement agreement and the interlocutory order, on November 5, 2025, NDAM filed in this Court its Notice of Appeal of the interlocutory order. NDAM did not seek leave for an interlocutory appeal.

## II. DISCUSSION

NDAM's motion seeks leave to appeal under 28 U.S.C. § 1292(a)(2) or, alternatively, 28 U.S.C. § 158(a). For the following reasons, both grounds for an appeal fail.

### A.  28 U.S.C. § 1292 does not confer jurisdiction on district courts.

NDAM construes the interlocutory order as one "appointing a receiver in a breach of contract claim for the sale of real property." (Dkt. #26 ¶25). NDAM goes on to assert that 28 U.S.C. § 1292(a)(2) allows "immediate appeals of interlocutory orders appointing receivers," and further argues that a motion for leave to appeal is not necessary for such an appeal. (Dkt. #26 ¶¶25–26).

This argument is a non-starter. Leaving aside the fact that the interlocutory order, on its face, is not an order "appointing a receiver," even assuming it were such an order, Section 1292(a)(2) does not authorize this Court, or for that matter any other district court, to review orders appointing receivers. Section 1292(a) provides "the courts of appeals" with jurisdiction of appeals from various types of interlocutory orders, including orders appointing receivers. 28 U.S.C. § 1292(a)(1)–(3); *see also Connecticut National Bank v. Germain*, 503 U.S. 249, 251, 112 S.Ct. 1146,

117 L.Ed.2d 391 (1992) (explaining that "[c]ourts of appeals have jurisdiction over [i]nterlocutory orders of the district courts of the United States under 28 U.S.C. § 1292") (internal quotation marks omitted). Put simply, contrary to NDAM's assertion, Section 1292(a)(2) provides jurisdiction only to federal courts of appeals, not this Court.

### B. NDAM fails to establish jurisdiction under 28 U.S.C. § 158(a).

#### i.    Interlocutory appeals under Section 158(a) are limited to "exceptional cases."

A district court's jurisdiction over appeals from bankruptcy courts is governed by 28 U.S.C. § 158(a), which states that a district court has jurisdiction "to hear appeals from final judgments, orders, and decrees" and, "with leave of the court, from other interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a) (cleaned up).

However, Section 158(a) provides no standard for when a district court should grant leave to appeal. To address this gap, district courts in this circuit have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991); *see In re Searex Energy Servs., Inc.*, No. CIV.A. 09-5817, 2009 WL 2868243, at *1 (E.D. La. Sept. 1, 2009). Interlocutory appeals under Section 1292(b) are reserved for "exceptional cases" where all three

parts of the test are satisfied. *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). Courts have held that Section 1292(b) "must be strictly construed" and that such interlocutory appeals "are generally disfavored." *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 598 (5th Cir. 2025) (quoting *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997)).

As with interlocutory appeals from district courts, bankruptcy interlocutory appeals are disfavored due to their disruption to bankruptcy proceedings. *See In re Cross,* 666 F.2d 873, 878 (5th Cir. 1982); *In re Searex Energy Servs., Inc.*, 2009 WL 2868243, at *1. Otherwise, constant appeals would "interfere with the overriding goal of the bankruptcy system, expeditious resolution of economic difficulties." *DuPree v. Kaye*, No. CIV A 307-CV-0768-B, 2008 WL 294532, at *2 (N.D. Tex. Feb. 4, 2008) (quoting *In re Hunt Int'l Res. Corp.,* 57 B.R. 371, 372 (N.D. Tex. 1985)); *see In re Durensky*, 519 F.2d 1024, 1028–29 (5th Cir. 1975).

ii.    **This is not an "exceptional case."**

NDAM fails to show that the interlocutory order meets Section 158(a)'s high bar for jurisdiction to hear an appeal of a bankruptcy court's interlocutory order.

To begin with, NDAM has not shown that the appeal of the interlocutory order turns on the resolution of a controlling, disputed question of law. The interlocutory order is predicated on a settlement agreement that NDAM willingly entered but now refuses to comply with, requiring the Bankruptcy Court to enforce it through the interlocutory order and the Trustee's well-established authority. Thus, the interlocutory order arises from application of established law to undisputed facts, not

6

from any novel or unsettled legal issue. NDAM simply disagrees with the outcome of its contractual obligations and is now attempting to relitigate them through an interlocutory appeal. Because no controlling and disputed question of law is presented, the first prong of the Section 1292(b) test is not satisfied.

NDAM also has not shown that there is substantial ground for difference of opinion on any controlling question of law. Indeed, NDAM apparently believes this standard is met so long as a litigant has a "difference of opinion" with a court's ruling. NDAM suggests that its "difference of opinion" with the Bankruptcy Court about the interlocutory order suffices. (Dkt. #26 ¶ 29). Not so. The "substantial ground for difference of opinion" requires a difference of opinion *between and among courts*, not the moving party and the court. *See In re Cent. Louisiana Grain Co-op., Inc.*, 489 B.R. 403, 412 (W.D. La. 2013) ("[A] substantial ground for difference of opinion does not exist because a party simply claims the bankruptcy court ruled incorrectly." (quotation omitted)); *In re Genter*, No. 3:19-CV-1951-E, 2020 WL 3129637, at *2 (N.D. Tex. June 12, 2020) (explaining that, where a bankruptcy court's ruling did not implicate a divide among courts, and instead reflected that "decisions of both district courts and bankruptcy courts in this district and several other districts throughout the United States have analyzed the issue and come to the same conclusion," there was no "substantial ground for difference of opinion" under Section 158).

Finally, NDAM has not shown that this interlocutory appeal will accelerate, rather than delay, the underlying litigation. To the contrary, the record demonstrates that NDAM has repeatedly delayed administration of the estate. NDAM's strategy

of delay includes its failures to comply with the settlement agreement and with the Trustee after the Woodward claim objection failed, as well as the filing of a groundless appeal in this Court.

As the Court has explained, interlocutory appeals are reserved for "exceptional cases" where all three parts of the Section 1292(b) test are satisfied. *Garner*, 749 F.2d at 286. This is not such an "exceptional" case.

### III CONCLUSION

For these reasons, Appellant Nursery Decals and More, Inc.'s Motion for Leave to Appeal, (Dkt. #26), is **DENIED** and its appeal is **DISMISSED**.

**The Clerk is directed to close this civil action.**

**So ORDERED and SIGNED this 13th day of April, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE